## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------------------x

In re

FBI WIND DOWN, INC. (f/k/a Furniture
Brands International, Inc.), et al.,

Debtors.[1]

-----------------------------------------------------------------------x

FBI WIND DOWN, INC. LIQUIDATING TRUST, by and
through Alan D. Halperin, as Liquidating Trustee,

Plaintiff,

- against -

WHITESELL CORPORATION,

Defendant.

-----------------------------------------------------------------------x

Chapter 11

Case No. 13-12329 (CSS)

Adv. Proc. No. 15-      (CSS)

## COMPLAINT TO AVOID AND RECOVER
## PREFERENTIAL TRANSFERS AND OBJECT TO CLAIMS

Plaintiff, Alan D. Halperin, Esq., as the Liquidating Trustee ("*Plaintiff*" or the
"*Liquidating Trustee*") of the FBI Wind Down, Inc. Liquidating Trust, by and through its co-
counsel, Hahn & Hessen LLP and Blank Rome LLP, hereby files this *Complaint to Avoid and
Recover Preferential Transfers and Object to Claims* and, in support thereof, states:

## NATURE OF THE ACTION

1.    This is an adversary proceeding brought in the above-captioned bankruptcy cases
pursuant to Part VII of the Bankruptcy Rules seeking to (a) avoid preferential transfers made to

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as
applicable, are: FBI Wind Down, Inc. (7683); AT Wind Down, Inc. (7587); BFI Wind Down, Inc. (3217); BHF
Wind Down, Inc. (8844); BR Wind Down, Inc. (8843); BT Wind Down, Inc. (1721); FBH Wind Down, Inc. (2837);
FBO Wind Down, Inc. (4908); FBRC Wind Down, Inc. (1288); HFI Wind Down, Inc. (7484); HR Wind Down, Inc.
(6125); HT Wind Down, Inc. (4378); LFI Wind Down, Inc. (5064); LHFR Wind Down, Inc. (9085); LV Wind
Down, Inc. (8434); MSFI Wind Down, Inc. (7486); TFI Wind Down, Inc. (6574); THF Wind Down, Inc. (3139);
and TR Wind Down, Inc. (6174).

the above-captioned defendant ("*Defendant*") and recover the value thereof, pursuant to 11 U.S.C. §§ 547 and 550 and (b) object to Defendant's claims.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b).

3.      This adversary proceeding has been referred to this Court pursuant to 28 U.S.C. § 157(a).

4.      This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) and (F).

5.      Venue of this adversary proceeding is proper in this district pursuant to 28 U.S.C. § 1409(a).

## GENERAL BACKGROUND

6.      On September 9, 2013 (the "*Petition Date*"), FBI Wind Down, Inc. (f/k/a Furniture Brands International, Inc.) and eighteen (18) affiliated companies (collectively, the "*Debtors*") each filed in the United States Bankruptcy Court for the District of Delaware (the "*Court*") a petition for relief under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*").

7.      On or about May 27, 2014, the Debtors filed their Amended Joint Plan Of Liquidation of FBI Wind Down, Inc. and its Subsidiaries Under Chapter 11 of the Bankruptcy Code (as confirmed, the "*Plan")* [D.I. 1629] and related disclosure statement (the "*Disclosure Statement*") [D.I. 1630].  Under the terms and settlements embodied in the Plan, unsecured creditors are expected to receive between 3.4% and 13.9% of the value of their claims depending on the Debtor against whom the claims are asserted.  See Plan, Distribution Model (Exhibit 1 of

the Plan).  In the event a liquidation under chapter 7 of the Bankruptcy Code would have taken place, creditors would have received less than the distributions contemplated under the Plan with respect to all Debtors.  See Disclosure Statement, Section VIII.B.7.

8.     On July 14, 2014, the Court entered an Order (the "*Confirmation Order*") confirming the Plan.  Pursuant to the Plan and Confirmation Order, the Liquidating Trustee was appointed as of the Effective Date (as defined in the Plan), which occurred on August 1, 2014. Pursuant to section 7.3 of the Plan and paragraph 11 of the Confirmation Order, the Liquidating Trustee has the sole right to pursue any existing or potential Causes of Action (as defined in the Plan), including any causes of action arising under chapter 5 of the Bankruptcy Code including sections 502(d), 510, 542, 543, 544, 545, 547, 548, 549, 550, 551, 552 and/or 553 or comparable provisions of applicable non-bankruptcy law.  Pursuant to section 9.1 of the Plan, the Liquidating Trustee has the exclusive authority to file objections to, and settle, compromise, withdraw or litigate to judgment objections to any and all claims.

9.     The Plan provided for the partial substantive consolidation of the Debtors into six debtor groups based on the Debtors' prepetition business and operational groups.  The six debtor groups are as follows:

- "FBI Debtors" - FBI Wind Down, Inc. (f/k/a Furniture Brands International, Inc.); FBH Wind Down, Inc. (f/k/a Furniture Brands Holdings, Inc.); FBO Wind Down, Inc. (f/k/a Furniture Brands Operations, Inc.); FBRC Wind Down, Inc. (f/k/a Furniture Brands Resource Company, Inc.).

- "Broyhill Debtors" - BFI Wind Down, Inc. (f/k/a Broyhill Furniture Industries, Inc.); BHF Wind Down, Inc. (f/k/a Broyhill Home Furnishings, Inc.); BR Wind Down Inc. (f/k/a Broyhill Retail, Inc.); BT Wind Down, Inc. (f/k/a Broyhill Transport, Inc.).

- "Lane Debtors" - LFI Wind Down, Inc. (f/k/a Lane Furniture Industries, Inc.); LHFR Wind Down, Inc. (f/k/a Lane Home Furnishings Retail, Inc.); LV Wind Down, Inc. (f/k/a Laneventure, Inc.).

- "Thomasville Debtors" - TFI Wind Down Inc. (f/k/a Thomasville Furniture Industries, Inc.); THF Wind Down, Inc. (f/k/a Thomasville Home Furnishings, Inc.); TR Wind Down, Inc. (f/k/a Thomasville Retail, Inc. (f/k/a Classic Design Furnishings, Inc.).

- "HDM Debtors" - HFI Wind Down, Inc. (f/k/a HDM Furniture Industries, Inc.); HR Wind Down, Inc. (f/k/a HDM Retail, Inc.); HT Wind Down, Inc. (f/k/a HDM Transport, Inc.); MSFI Wind Down, Inc. (f/k/a Maitland-Smith Furniture Industries, Inc.).

- "AT Debtor" - AT Wind Down, Inc. (f/k/a Action Transport, Inc.).

10.     Defendant is a corporation or other legal entity who provided fasteners and/or related goods or services to the Debtor prior to the Petition Date.

## THE CLAIMS

11.     On October 10, 2013, Defendant filed a proof of claim against the Debtor, identified by the Debtors' claim agent as Claim No. 378 which asserted an unsecured, non-priority claim in the amount of **$20,175.90** (along with any claim the Debtors scheduled on behalf of Defendant, collectively the "*Claims*").

## THE TRANSFERS

12.     On or within 90 days prior to the Petition Date (the "*Preference Period*"), one or more transfers was made to or for the benefit of Defendant from the Debtor group identified on the exhibit annexed hereto (each, a "*Transferring Debtor*").

13.     The annexed exhibit reflects the Liquidating Trustee's present knowledge of the transfers made to Defendant by the Transferring Debtor during the Preference Period.  During the course of this proceeding the Liquidating Trustee may learn (through discovery or otherwise) of additional transfers made by the Transferring Debtor to Defendant during the Preference Period.  The Liquidating Trustee is seeking to avoid and recover all such transfers, whether such transfers presently are reflected on the annexed exhibit or not.  Collectively, all transfers made by the Transferring Debtor of an interest of the Transferring Debtor in property to or for the benefit of Defendant during the Preference Period (whether such transfers presently are reflected on the exhibit annexed hereto or not) are referred to herein as the "*Transfers*".

14.     The Transfers were made from the Transferring Debtor's bank account on the date indicated on the annexed exhibit and by the method indicated on the annexed exhibit.

15.     The Transfers were made on account of the Transferring Debtor's purchases, on an unsecured basis, of fasteners and/or related goods or services from Defendant.  Such goods and/or services were provided by Defendant to the Transferring Debtor on or before the invoice date indicated on the annexed exhibit, and before the corresponding Transfer was made.

16.     Had the Transfers not been made, Defendant would have an unsecured claim against the Transferring Debtor in the amount(s) set forth on the applicable invoices.

17.     In or about April 2015, the Liquidating Trustee sent a letter to Defendant demanding the return of the Transfers to Liquidating Trustee.  As of the date hereof, Defendant has not returned the Transfers to Liquidating Trustee.

## FIRST CAUSE OF ACTION
### (Preference Claim Against Defendant)

18.     The Liquidating Trustee repeats and realleges paragraphs "1" through "17" above, as if fully set forth herein.

19.    The Transfers were made within 90 days prior to the Petition Date.

20.    The Transfers were transfers of an interest of the Transferring Debtor in property.

21.    The Transfers were made to or for the benefit of Defendant, a creditor of the Transferring Debtor.

22.    The Transfers were made for or on account of antecedent debts owed to Defendant by the Transferring Debtor before such Transfers were made.

23.    Section 547(f) of the Bankruptcy Code states, in part that, "the debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition."

24.    The Transfers were made while the Transferring Debtor was insolvent.

25.    The Transfers enabled Defendant to receive more than Defendant would receive if: (i) the Transferring Debtor's case was a case under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant received payment on account of the debt paid by the Transfers to the extent provided by the provisions of the Bankruptcy Code.

26.    The Transfers constitute preferential transfers which should be avoided as preferences pursuant to Bankruptcy Code section 547 and, pursuant to Bankruptcy Code section 550, are recoverable from Defendant which is the (a) initial transferee of the Transfers, (b) the entity for whose benefit the Transfers were made, and/or (c) an immediate or mediate transferee of an initial transferee.

## SECOND CAUSE OF ACTION
### (Fraudulent Transfer Claim Against Defendant)

27.    The Plaintiff pleads this Second Cause of Action in the alternative and repeats and realleges each and every allegation contained in paragraphs "1" through "26" above, as if fully set forth herein.

28.     The Transfers were made within two (2) years prior to the Petition Date.

29.     The Transfers were made to, or for the benefit of, Defendant.

30.     Plaintiff pleads, in the alternative, that to the extent one or more of the Transfers were not on account of an antecedent debt or were prepayments for goods and/or services subsequently received, the Transferring Debtor did not receive reasonably equivalent value in exchange for the Transfers, because either (a) the services and/or goods were in fact less in value than the Transfers or (b) the Transferring Debtor was not the Debtor who incurred the debt.

31.     The Transferring Debtor was: (i) insolvent on the dates of the Transfers or became insolvent as a result of the Transfers; and/or (ii) engaged in business or a transaction for which any property remaining with the Transferring Debtor was an unreasonably small capital at the time of, or as a result of, the Transfers; and/or (iii) the Transferring Debtor intended to incur, or believed that the Transferring Debtor would incur, debts that would be beyond the Transferring Debtor's ability to pay as such debts matured.

32.     By reason of the foregoing, the Transfers constitute fraudulent transfers which should be avoided pursuant to Bankruptcy Code section 548 and are recoverable from Defendant pursuant to Bankruptcy Code section 550.

### THIRD CAUSE OF ACTION
### (Disallowance of the Claims Pursuant to Bankruptcy Code § 502(d))

33.     The Liquidating Trustee restates and realleges the allegations of paragraphs "1" through "32" above, as if fully set forth herein.

34.     Defendant is an entity from which property is recoverable under section 550 of the Bankruptcy Code and is a transferee of transfers avoidable under section 547 or 548 of the Bankruptcy Code as set forth in the preceding causes of action.

35.     Defendant has not paid the amount, or turned over such property, for which Defendant is liable under section 550 of the Bankruptcy Code.

36.     Pursuant to section 502(d) of the Bankruptcy Code, the Claims should be disallowed until the Transfers are repaid in full to the Liquidating Trustee.

## FOURTH CAUSE OF ACTION
### (Objection to the Claims)

37.     Plaintiff restates and realleges paragraphs "1" through "36" above, as if fully set forth herein.

38.     Pursuant to sections 9.5 and 9.7 of the Plan, the Liquidating Trustee (a) is not required to make any distribution under the Plan (whether partial or not) with respect to a Disputed Claim (as defined in the Plan) until all such disputes in connection with such Disputed Claim have been resolved by settlement or a final court order, and (b) has the authority to withhold any distribution where the holder of a claim is subject to a cause of action until such action is resolved pursuant to a settlement or final court order.

39.     Pursuant to the terms of the Plan and by reason of the objections presented herein, the Claims are "Disputed Claims". Because Defendant is the holder of one or more Disputed Claims, Defendant is not entitled to receive a Distribution (as defined in the Plan) on account of the claims.

## FIFTH CAUSE OF ACTION
### (Setoff)

40.     Plaintiff restates and realleges paragraphs "1" through "39" above, as if fully set forth herein.

41.     Pursuant to section 8.9 of the Plan, the Liquidating Trustee (a) has the right to assert any right of setoff that the Debtor may have had, and (b) may setoff against any claim (and

the payments due under the Plan in respect of such claim) any claims that the Liquidating Trustee has against the holder of such claim.

42.    Pursuant to the terms of the Plan, applicable bankruptcy and non-bankruptcy law, Plaintiff is entitled to setoff any recovery from the preceding causes of action against the Claims and/or any payment or distribution to be made on account of the Claims pursuant to the Plan.

**WHEREFORE,** for the foregoing reasons, the Liquidating Trustee respectfully requests the following relief:

A.    That the Transfers be avoided as preferences and/or, alternatively, as fraudulent transfers;

B.    That judgment be entered in favor of the Liquidating Trustee and against Defendant, in the amount of no less than $**149,520.52** (plus any additional transfer amounts the Liquidating Trustee learns, through discovery or otherwise, were made to Defendant during the Preference Period), plus interest at the legal rate from the date of the Transfers, together with all costs of this action;

C.    That the Claims be disallowed until the Transfers are repaid to the Liquidating Trustee pursuant to Bankruptcy Code section 502(d) and the Plan;

D.    That the Liquidating Trustee be permitted to setoff any judgment obtained hereunder against any payment or distribution to be made on account of the Claims pursuant to the Plan; and

E.      That the Liquidating Trustee be granted such other and further relief as is just and

proper.


Dated:  Wilmington, Delaware
        August 28, 2015

**BLANK ROME LLP**

　　　　　　　　　　　　 _/s/ Victoria Guilfoyle_
　　　　　　　　　　　　Michael B. Schaedle, Esq.
　　　　　　　　　　　　Victoria Guilfoyle, Esq. (DE No. 5183)
　　　　　　　　　　　　1201 Market Street, Suite 800
　　　　　　　　　　　　Wilmington, Delaware 19801
　　　　　　　　　　　　Telephone:      (302) 425-6400
　　　　　　　　　　　　Facsimile:      (302) 425-6464

　　　　　　　　　　　　　　　 -and-

　　　　　　　　　　　　Edward L. Schnitzer, Esq.
　　　　　　　　　　　　Joseph Orbach, Esq.
　　　　　　　　　　　　**HAHN & HESSEN LLP**
　　　　　　　　　　　　488 Madison Avenue
　　　　　　　　　　　　New York, New York 10022
　　　　　　　　　　　　Telephone:      (212) 478-7200
　　　　　　　　　　　　Facsimile:      (212) 478-7400

　　　　　　　　　　　　_Co-Counsel for the Liquidating Trustee_